# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL DOCKET NO.: 3:03CR7-V

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>BARRY WAYNE GRIGGS, )<br>                Defendant. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on Defendant's *pro se* letter Motion For Return of Property, filed July 20, 2009, and Request for Status Conference, filed September 8, 2009. (Documents #50, #51)

In his motions, Defendant alleges that certain items of personal property were seized from him in connection with this case, including several firearms that are "antiques and heirlooms to the Defendant's family." (7/20/09 Motion at 1.) As a result, Defendant asks that his personal property be returned to his family. (9/8/09 Motion at 1.) In support, Defendant asserts that the Government elected not to seek forfeiture pursuant to the notice contained within the Bill of Indictment.[1]

Defendant fails to explain within his filings that he was convicted after jury trial for similar weapons offenses in the District of South Carolina, namely, violations of 18 U.S.C. §§922(g)(1), 922(n), 924(a)(1) and (2), and (924)(e).[2] (*See United States v. Barry Wayne Griggs,* 4:04CR151-TLW) The Judgment of Conviction in the District of South Carolina case expressly precludes Defendant from possessing "a firearm, destructive device, or any other dangerous weapon." (J&C at 3.) The judgment does not make clear whether the appropriate law enforcement agency was authorized to destroy the weapons and this Court does not have access to the sentencing transcript in the South Carolina case.

---

[1] The criminal case charged within this district was voluntarily dismissed without prejudice upon motion of the United States Attorney's Office and subsequent Order of the undersigned on September 29, 2005. (Document #49)

[2] In light of the Government's voluntary dismissal in this district, it's possible the same weapons were involved – maybe even the same offense conduct – in both federal cases.

It's likely the weapons Defendant seeks were ordered destroyed by the federal sentencing judge in the District of South Carolina. In any event, Defendant's motion is more appropriately referred to the actual sentencing court for clarification regarding the status of the weapons or, as the case may be, for leave of the sentencing judge to pursue the release of any alleged "antique" or "heirloom" firearms to the designated persons without running afoul of the special condition prohibiting Defendant from possessing any weapons.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion For Return of Property is **DENIED without prejudice**.

Signed: December 2, 2009

Richard L. Voorhees
United States District Judge